IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| VICKER SICHANTHAVONG,<br><br>Plaintiff,<br><br>v.<br><br>JOHNNY SCHOLL,<br><br>Defendant. | 2:26-CV-125-Z |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Johnny Scholl's ("Defendant") Motion to Dismiss ("Motion"), filed September 11, 2026. ECF No. 12. Plaintiff Vicker Sichanthavong ("Plaintiff") did not file a response. The Motion is now ripe. Having reviewed the Motion and relevant law, the Motion (ECF No. 12) is **GRANTED**. The Court thus dismisses this case **without prejudice**.

LEGAL STANDARD

A defendant can move to dismiss a case under 12(b)(4) for "insufficient process" and 12(b)(5) for "insufficient service of process." FED. R. CIV. P. 12(b)(4)–(5). An objection under Rule 12(b)(4) concerns the "form of the process rather than the manner or method of service." 5B WRIGHT & MILLER'S FEDERAL PRACTICE AND PROCEDURE § 1353 (4th ed. 2026). An objection under Rule 12(b)(5) concerns "the mode of delivery, the lack of delivery, or the timeliness of delivery of the summons and complaint." *Id.*

The line between a 12(b)(4) and 12(b)(5) motion "becomes blurred when the alleged defect is that the defendant [] is misnamed in the summons[.]" *Id.* In such cases, "the form of the process could be challenged under Rule 12(b)(4) on the theory that the summons does not properly contain the names of the parties, or a motion under Rule 12(b)(5) could be made on the ground that the wrong party—that is, a party not named in the summons—has been served." *Id.* Courts have dealt with this issue by treating "a combination of the two motions as a proper procedure." *Id.*

**ANALYSIS**

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) (Jackson, J.). Failing to properly serve Defendant, Plaintiff has failed to meet this elementary and fundamental requirement. The Court thus dismisses this case under Federal Rules of Civil Procedure 12(b)(4) and (5). The Court does not reach the merits of Defendant's other arguments.

Rule 4 requires the summons "be directed to the defendant." FED. R. CIV. P. 4(a)(1)(B). This requirement means that the summons must be issued to the *named* defendant in the case. *Lecher v. Citimortgage, Inc.*, No. 4:09-CV-302, 2009 WL 2356142, at *2 (N.D. Tex. July 29, 2009) (granting dismissal under Rule 12(b)(4) because summons was issued to defendant not named in the case). Rule 4(e) provides the bases for how a plaintiff may serve an individual within a judicial district of the United States: (1) "delivering a copy of the summons and the complaint to the individual personally;" (2) "leaving copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;" (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process;" or (4) by following state law. FED. R. CIV. P. 4(e)(1). Texas law requires delivering to the defendant in person or mailing to the defendant by registered or certified mail. TEX. R. CIV. P. 106(a).

Plaintiff issued a summons to City Secretary, Stephanie Coggins, mailing it to her at her Amarillo City office address. ECF No. 5. In Plaintiff's Proof of Service, filed September 17, 2026, Plaintiff submitted that he served Ms. Coggins on August 31, 2026. ECF No. 16. Plaintiff has not established that Ms. Coggins is an agent designated to accept service under Rule 4(e)(3) and Plaintiff does not meet any of the other bases for service. Accordingly, Plaintiff has failed to serve Defendant.

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Plaintiff's complaint was filed June 9, 2026. Thus, Plaintiff was required to serve by September 7, 2026. Given that Plaintiff has failed to properly serve Defendant, this case must be dismissed under both Rule 12(b)(4) and (5).

CONCLUSION

The Motion (ECF No. 12) is **GRANTED** for insufficient process and insufficient service of process. The case is **DISMISSED without prejudice**. Plaintiff's Motion for Stay Abeyance (ECF No. 15) is **DENIED** as moot.

**SO ORDERED.**

October 13, 2026

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE